IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY DAVIS | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO:  3:17-cv-986 |
| vs. | § | |
| | § | |
| ILLINI STATE TRUCKING, CO., ROB BULT, | § | |
| WILBERT JACKSON, AND ALAN CERNICK, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Bobby Davis for his Complaint against Illini State Trucking, Co., Rob Bult, Wilbert Jackson, and Alan Cernick states and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 215(a)(3),  and 28 U.S.C. §1331.

2.     Venue is proper in the U.S. District Court for the Northern District of Texas Dallas Division because a substantial part of the relevant conduct occurred in this district and Defendant conducts business in this district.

## PARTIES

3.     Plaintiff Bobby Davis is a resident of Bossier City, Louisiana, and was employed as a sand coordinator and dispatcher for Defendant from approximately 2011 through approximately April of 2016.

4.     Defendant Illini State Trucking, Co. is a Domestic Limited Liability Company that transacts business in Wills Point, Texas.  Defendant may be served with process by serving

its registered agent, Incorporating Services, Ltd., 3610-2 North Josey, Suite 223, Carrollton, Texas 75007.

5.      Defendant Rob Bult is an owner and officer of Defendant Illini State Trucking, Co. and may be served with process at his home address of 5849 E. 105th, Crown Point, Indiana 46307 or wherever he may be found.

6.      Defendant Wilbert Jackson is a managerial employee of Defendant Illini State Trucking, Co. and may be served with process at his address of 4350 Old Omen Road Apt. 8101, Tyler, Texas 75707, his address of 6230 Leighland Drive, Grand Blanc, Michigan 48439, or wherever he may be found.

7.      Defendant Alan Cernick is a managerial employee of Defendant Illini State Trucking, Co. and may be served with process at his home address of 9200 U. S. 12, New Buffalo, Michigan  49117, his work address of 7020 Cline Avenue, Hammond, Indiana 46323, or wherever he may be found.

## COVERAGE

8.      Defendants Illini State Trucking, Co. and Rob Bult are, singularly and/or jointly, an enterprise that engages in commerce or in the production of goods for commerce.

9.      Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

10.      Each Defendant suffered or permitted Plaintiff to perform work for their or their employers benefit.

11.      Defendants Illini State Trucking, Co. and Rob Bult have had and continue to have, an annual gross income of sales made or business done of not less than $500,000.

12.     In the alternative, at all materials times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. 206-207.

13.     Accordingly, each Defendant is either a covered "enterprise" or covered "employer" under the FLSA.

## FACTS

14.     Defendant Illini Trucking Co. provides transportation services through freight agents located across North America.

15.     Defendants employed Plaintiff as a sand coordinator. His job duties involved inventorying and keeping track of sand, inspecting equipment for sand leaks, and reporting conditions to Terminal Manager, recording the delivery of sand and placement in designated bin, hooking up hoses, communicating with dispatchers regarding levels of sand, and blowing off sand.

16.     Defendants paid sand coordinators a salary.  Plaintiff frequently worked in excess of 40 hours in a workweek, including many compensable on-call hours and training; however, he received no additional compensation for those overtime hours.  Plaintiff is a party plaintiff to a conditionally certified collective action under the Fair Labor Standards Act, 29 U.S.C. § 207(a), in which the legality of Defendants' pay practices is at issue. The style of that case is *Quincy Miles, et. al v. Illini State Trucking, Co*. Cause no. 3:16-cv-778-D, in the United States District Court for the Northern District of Texas, Dallas Division. (the "Miles Lawsuit")

17.     Plaintiff Davis was one of the three (3) original Plaintiffs in the Miles Lawsuit, which was filed on March 18, 2016.

18.     On or about March 30, 2016, Rob Bult, Wilbert Jackson, and/or Alan Cernick, acting in the course and scope of their employment for Illini Trucking Co., instructed Plaintiff to withdraw from the lawsuit.

19.     On that same date, Rob Bult sent an email to Wilbert Jackson and Alan Cernick containing the contact information for Plaintiff Bobby Davis' attorney and instructed them to "give this info to Bobby Davis."

20.     Less than a month after Plaintiff refused to withdraw his claim in the Miles Lawsuit, Defendants terminated Bobby Davis and refused to hire him back, despite his seniority and experience as a sand coordinator.

21.     The Defendants' efforts to discourage participation in the Miles Lawsuit have not been limited to Bobby Davis.

22.     On information and belief, Defendants have demanded that other current opt-in Plaintiffs in the Miles Lawsuit withdraw if they want to be re-hired to work for the Defendants.

23.     On information and belief, Defendants are systematically refusing to re-hire persons involved in the Miles Lawsuit unless they withdraw.

24.     Defendants have instead hired or rehired persons with less experience who were not asserting their rights in the Overtime Lawsuit.

25.     In short, Plaintiff was terminated because he is an Opt-in Plaintiff in the Miles Lawsuit.

## CAUSE OF ACTION

26.     Defendants' action of terminating Plaintiff's employment was retaliatory pursuant to 29 U.S.C. § 215.

27.     Defendants have treated Plaintiff Bobby Davis differently than other employees because of his participation in the Miles Lawsuit.

28.  Plaintiff is entitled to reinstatement.

29.  Plaintiff is entitled to front pay.

30.  Plaintiff is entitled to the payment of wages lost as a result of retaliatory conduct.

31.  Plaintiff is entitled to an amount equal to the payment of wages lost as liquidated damages.

32.  Plaintiff is entitled to punitive damages.

33.  Plaintiff is entitled to recover attorneys' fees and costs as required by the FLSA.

## JURY DEMAND

34.  Plaintiff demands a trial by jury of this action.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

    a.  reinstatement;

    b.  compensation for front pay;

    c.  compensation for the payment of wages lost as a result of retaliatory conduct;

    d.  an equal amount as liquidated damages as allowed under the FLSA;

    e.  reasonable attorneys' fees, costs, and expenses of this action as provided
        by the FLSA;

    f.  pre-judgment and post judgment interest at the highest rates allowed by law; and

    g.  such other relief as to which Plaintiff may be entitled.


Respectfully submitted,

**YOUNG & NEWSOM, PC**

By: /s/ Jeremi K. Young

Jeremi K. Young, State Bar No. 24013793
Tim Newsom, TX State Bar No. 00784677
Collin J. Wynne, State Bar No. 24068815
1001 S. Harrison St., Ste. 200
Amarillo, Texas  79101
(806) 331-1800
(806) 398-9095 (fax)
jyoung@youngfirm.com
tim@youngfirm.com
collin@youngfirm.com

*and*

Jeffrey H. Rasansky
State Bar No. 16551150
Justin H. King
State Bar No. 24077811
RASANSKY LAW FIRM
2525 McKinnon, Suite 725
Dallas, Texas 75201
214/651-6100
214/651-6150 Fax
jrasansky@jrlawfirm.com
jrking@jrlawfirm.com


*ATTORNEYS FOR PLAINTIFF*