**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BOBBY DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civ. Action No. 3:17-CV-986-L (BH)** |
| | § | |
| **ILLINI STATE TRUCKING CO., et al.,** | § | |
| | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference filed on June 19, 2017, this case was referred for full case management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I.  BACKGROUND

The plaintiff initially filed this action under the Fair Labor Standards Act against the defendants on April 7, 2017. (*See* doc. 1.) On May 10, 2017, he filed executed waiver of service of summons forms for each of the defendants. (*See* doc. 8.) The waivers, which were signed on April 27, 2017, acknowledged that a judgment could be entered against the defendants if no answer or response was made within 60 days from the date the notice and request for waiver was sent. (*See id.*) More than 60 days have passed from the date that the waivers were executed by counsel on behalf of the defendants, but the defendants did not appear or otherwise respond.[1] By order dated July 3, 2017, the Court noted the defendants' failure to answer or otherwise respond and the plaintiff's failure to request entry of default or to move for a default judgment under Fed.

---

[1]The date that the notice and request for waiver was sent is not apparent from the record, only the later date of execution.

R. Civ. P. 55. (*See* doc. 10.) The plaintiff was ordered to show cause in writing no later than July 17, 2017, as to why he had not requested entry of default and moved for a default judgment against the defendants, unless the defendants appeared or otherwise responded prior to that time. (*See id.*) The order specifically provided that "[f]ailure to show cause may result in the dismissal of the case without prejudice and without further notice." (*See id.*) The plaintiff failed to respond to the order to show cause although the defendants have still not appeared or otherwise responded.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order to show cause in writing no later than July 17, 2017, as to why he had not requested entry of default and moved for a default judgment against the defendants. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff responds to the order to show cause, or the defendants answer or otherwise respond to the lawsuit, within the time for objecting to this

recommendation or by some other deadline set by the Court.

**SO RECOMMENDED on this 21st day of July, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3